IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 04 2026

KEVIN P. WEIMER, Clerk
By: \_\_\_\_\_ Deputy Clerk

**SEAN JOSEPH,**

*Plaintiff,*

v.

**AMERICAN EXPRESS NATIONAL BANK,**

*Defendant.*

1:26-CV-1238

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff SEAN JOSEPH, by and through himself, alleges as follows:

**I. INTRODUCTION**

1. This is a civil action arising from Defendant AMERICAN EXPRESS NATIONAL BANK willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This case concerns Defendant's failure, as a furnisher of information, to conduct a reasonable investigation after receiving multiple disputes from consumer reporting agencies ("CRAs"), and its continued reporting of materially inaccurate, internally inconsistent, and incomplete account information.

3. Defendant reported contradictory Dates of First Delinquency ("DOFD"), inconsistent last-payment dates, and incomplete payment histories for Plaintiff's accounts, and verified those inaccuracies after receiving dispute notices on July 25, 2025; October 1, 2025; and October 8, 2025.4. Defendant's conduct was not merely negligent. It was willful, reckless, and in conscious disregard of its statutory duties under 15 U.S.C. § 1681s-2(b).

5. As a result, Plaintiff suffered credit harm, financial injury, and emotional distress.

## II. PARTIES

6. Plaintiff SEAN JOSEPH is a natural person residing in the State of Georgia and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant AMERICAN EXPRESS NATIONAL BANK ("American Express") is a corporation engaged in the business of extending credit and furnishing information to consumer reporting agencies nationwide, including Experian, Equifax, and TransUnion.

8. Defendant is a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and Defendant conducts substantial business in this District.

## IV. Factual Allegations

11. Defendant furnished credit information to consumer reporting agencies concerning an American Express account ending in 2543 that appeared on Plaintiff's consumer reports.

2

12. On or about July 2025, Plaintiff obtained copies of his consumer reports from the national consumer reporting agencies and discovered that Defendant was reporting a Date of First Delinquency ("DOFD") of February 7, 2025, for this account.

13. The same tradeline reflects that a payment in the amount of $530.00 was made, yet Defendant failed to provide a complete and accurate payment history showing when the account first became delinquent, whether the delinquency was cured, and how the February 7, 2025, DOFD was calculated.

14. The reported DOFD is inconsistent with the payment information reflected on the tradeline and does not logically align with the reported activity on the account.

15. Because the DOFD determines how long negative information may lawfully remain on a consumer report under 15 U.S.C. § 1681c(a), accurate reporting of this date is critical.

16. By reporting an inaccurate or unsupported DOFD, Defendant risked extending the period that derogatory information would remain in Plaintiff's credit file.

17. Defendant also furnished information regarding a separate account ending in 7333.

18. For this account, Defendant reported a DOFD of January 19, 2025.

19. However, the payment history associated with this tradeline reflects that delinquency did not begin until March 2025.

20. A DOFD of January 19, 2025, is inconsistent with a payment history showing the first delinquency in March 2025, as an account cannot become delinquent before the date delinquency activity is first reflected.

21. Defendant further reported a Date of Last Payment of January 1, 2025, while simultaneously reporting that a payment was made on February 25, 2025.

22. These representations are mutually exclusive and demonstrate that Defendant's own records are internally inconsistent.

23. The contradictory DOFD reporting, inconsistent last-payment dates, and incomplete payment histories render the tradelines inaccurate and materially misleading.

24. On July 25, 2025, Plaintiff submitted a written dispute to the Defendant specifically identifying the inaccurate DOFDs, contradictory last-payment reporting, and incomplete payment histories for both accounts.

25. Plaintiff submitted additional written disputes on October 1, 2025, and October 8, 2025, again clearly explaining the inconsistencies and requesting correction or deletion.

26. Upon information and belief, the consumer reporting agencies transmitted Plaintiff's disputes to Defendant pursuant to 15 U.S.C. § 1681i(a)(2).

27. Upon receiving notice of dispute, Defendant was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, and correct, modify, or delete any information that was inaccurate or could not be verified.

28. Defendant failed to reconcile the inconsistencies within its own reporting.

29. Defendant continued verifying the tradelines as accurate despite the facial contradictions in the DOFD and payment history reporting.

30. Any investigation conducted was unreasonable because a reasonable review of Defendant's own records would have revealed that the dates and payment information could not simultaneously be correct.

31. Defendant's failure to correct or delete the inaccurate reporting demonstrates either a reckless disregard for its statutory duties or a systemic failure in its dispute-handling procedures.

32. As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm to his creditworthiness, experienced difficulty obtaining credit on favorable terms, and endured stress, frustration, and emotional distress.

## V. CAUSES OF ACTION

### COUNT I

Violations of the FCRA – Failure to Conduct Reasonable Investigation

15 U.S.C. § 1681s-2(b)

42. Plaintiff re-alleges paragraphs 1–41.

43. Defendant violated § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation.

44. Defendant violated § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRAs.

45. Defendant violated § 1681s-2(b)(1)(C) by failing to report accurate results.

46. Defendant violated § 1681s-2(b)(1)(D) by failing to correct or delete inaccurate information.

47. Under Johnson v. MBNA America Bank, 357 F.3d 426 (4th Cir. 2004), furnishers must conduct a meaningful investigation.

48. Under Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997), a superficial verification is insufficient.

49. Defendant's failure to reconcile internally contradictory data demonstrates an unreasonable investigation as a matter of law.

## COUNT II

### Willful Violations of the FCRA

### 15 U.S.C. § 1681n

50. Plaintiff re-alleges paragraphs 1–49.

51. Defendant acted knowingly or in reckless disregard of its statutory duties.

52. Defendant is a sophisticated financial institution with established FCRA compliance departments.

53. Defendant knew that DOFD accuracy is legally significant.

54. Defendant knew contradictory last-payment reporting is inherently inaccurate.

55. Defendant nevertheless verified the information.

56. Under Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007), reckless disregard constitutes willfulness.

57. Defendant's systemic failure to reconcile obvious contradictions constitutes reckless conduct.

58. Plaintiff is entitled to statutory damages of up to $1,000, punitive damages, and attorney's fees.

## COUNT III

### Negligent Violations of the FCRA

### 15 U.S.C. § 1681o

59. Plaintiff re-alleges paragraphs 1–58.

60. Defendant failed to exercise reasonable care in investigating Plaintiff's disputes.

61. Defendant's negligence caused Plaintiff actual damages.

## VI. DAMAGES

Plaintiff suffered:

- Damage to credit reputation
- Loss of credit opportunities
- Higher interest rates
- Emotional distress
- Anxiety and humiliation
- Financial harm

Plaintiff is entitled to:

    **a.** Actual damages;

    **b.** Statutory damages;

    **c.** Punitive damages;

    **d.** Pre- and post-judgment interest;

    **e.** Any additional relief the Court deems proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for:

    **A.** Actual damages;

    **B.** Statutory damages under 15 U.S.C. § 1681n;

    **C.** Punitive damages sufficient to deter future misconduct;

    **D.** Attorney's fees and costs;

E. All other relief allowed by law.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. SIGNATURE BLOCK

Respectfully submitted,

*[signature]*

SEAN JOSEPH

February 27th, 2026

3729 Lake Enclave Way,

Atlanta, GA 30349

678 873 3109

seandjoseph@gmail.com

*Plaintiff, Pro Se*